FILED

NOT FOR PUBLICATION

MAR 23 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



STEPHANIE CHARLES,

        Plaintiff-Appellant,

  v.

ABERCROMBIE & FITCH STORES, INC.,

        Defendant-Appellee.

No.   15-56553

D.C. No.
2:14-cv-08441-GW-VBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted March 7, 2017
Pasadena, California

Before: PAEZ, BERZON, and CHRISTEN, Circuit Judges.

     Stephanie Charles appeals the district court's grant of summary judgment in

favor of defendant Abercrombie & Fitch Stores, Inc., on her claims for pregnancy

discrimination and retaliation under the California Fair Employment and Housing

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Act ("FEHA"), and for wrongful termination in violation of public policy. We affirm.

1. Charles has presented neither direct nor circumstantial evidence sufficient to raise a triable issue of fact as to whether Abercrombie & Fitch acted with discriminatory intent when it terminated Charles as part of a reduction-in-workforce.

The notation, on the lists of District Managers recommended for termination, indicating that Charles was on maternity leave is not "evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998) (alteration in original) (quoting *Davis v. Chevron, U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994)). Abercrombie & Fitch representatives explained that the company noted employee maternity leave status, and other protected characteristics, to ensure that the reduction-in-workforce did not adversely impact any protected class of employees and because leave status was relevant to the details of any severance agreement. Also, some managers whose names appeared on the possible termination list and were marked "M," for maternity leave, were not terminated, indicating that the marking was not connected to the termination decision.

2.  Charles has provided insufficient circumstantial evidence to raise a triable issue of fact as to whether Abercrombie & Fitch's proffered reasons for her termination as part of the reduction in workforce are pretext for unlawful discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Guz v. Bechtel Nat'l. Inc.*, 24 Cal. 4th 317, 354–56 (2000). Abercrombie & Fitch maintains that it selected Charles for termination in the reduction-in-workforce because of her *relative* poor performance and potential for growth at the company among District Managers, and because the density of District Managers in the Los Angeles region required a reduction in the number of such managers. Assuming Charles established a prima facie case of discrimination, she has not met her burden of demonstrating pretext either by showing "that unlawful discrimination more likely than not motivated" Abercrombie & Fitch, or "that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable." *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112–13 (9th Cir. 2011).[1]

---

[1] Charles' argument that the district court applied the wrong burden of proof lacks merit.  The district court noted that Abercrombie & Fitch had produced "relatively abundant" evidence regarding its reasons for noting Charles' maternity status, and did not improperly weigh the evidence provided by the parties.

The maternity notation next to Charles' name is not circumstantial evidence of discrimination. As discussed above, Abercrombie representatives explained the notation's relevance for human resources purposes. The absence of any evidence that Abercrombie & Fitch used statistical analyses to assess the impact of the reduction-in-workforce on employees on maternity leave does not suggest discriminatory intent, as Charles was the only employee on maternity leave ultimately terminated.

Next, Regional Manager Andrea Ahlers's and Human Resources representative Scott Sterlings's statements to Charles that she was not terminated because of poor performance were consistent with the fact that Charles was not among the five employees who were terminated strictly for cause. Ahlers and Sterling did not themselves suggest Charles for termination or make the ultimate reduction-in-workforce decisions. Although Charles's poor performance relative to the other District Managers was part of the explanation for her termination provided in this litigation, Ahlers's and Sterling's failure to so inform Charles does not raise a triable issue of fact as to whether the company's performance criteria was pretextual. "[A]n inference of intentional discrimination cannot be drawn solely from evidence, if any, that the company lied about its reasons. The pertinent

4

statutes do not prohibit lying, they prohibit discrimination." *Guz*, 24 Cal. 4th at 360-61.

Likewise, Abercrombie & Fitch's termination of Kristen Netschke, Charles's last supervisor, does not negate the fact that Charles's performance reviews and other personnel materials, as Charles acknowledged, reflected Charles's declining and relative poor performance compared to other District Managers in her region. Charles's other arguments regarding evidence of pretext are similarly unavailing.[2]

For these reasons, we affirm the district court's grant of summary judgment in favor of Abercrombie & Fitch on Charles's FEHA pregnancy discrimination claim.

3. Charles's claim for wrongful termination in violation of public policy is derivative of her FEHA pregnancy discrimination claim, so also fails. *See Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1256 (1994).

4. For the reasons stated above, assuming Charles established a prima facie case of retaliation, the evidence presented also does not raise a triable issue of fact as to whether Abercrombie & Fitch's proffered reasons for Charles' termination

---

[2] We decline to consider Charles's argument that Derek Kaufman was a similarly situated employee who was treated more favorably than Charles. Charles did not raise the issue before the district court, so the factual record as to why he was retained was not developed. *See United States v. Mi Kyung Byun*, 539 F.3d 982, 987 (9th Cir. 2008).

were pretext for retaliation in violation of FEHA. *See Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988) (providing that retaliation claims under FEHA based on circumstantial evidence are examined under the three stage *McDonnell Douglas* burden shifting framework).

**AFFIRMED.**